By the Court—
BROWN, C. J.,
delivering the opinion.
Section 3256, of the Revised Code, declares that, “Ordinary suits in the Superior Court, shall be by petition to the Court, signed by plaintiff, or his counsel, plainly, fully, and distinctly, setting forth his charge or demand; and no want of form shall be cause of delay if this article is substantially complied with.” In the case at bar, the plaintiffs set forth the instrument in writing, upon which the action was founded, according to its tenor and effect, correctly. But they called it a promissory note. And the declaration was demurred to, on the ground that it was not a promissory note. The Court below held, that, though it might not be a promissory *note, it was an obligation to pay money, that it was sufficiently described, that the cause of action was plainly and distinctly set forth in conformity to the statute, and adjudged that the demurrer be overruled. And that decision is assigned as error.
We do not think this instrument is, in the legal sense, a promissory note, (see Revised Code, section 1732,) and we admit that, under the common law rules of pleading, the declaration was demurrable. But we think it was sufficient, under our Code. It plainly and distinctly set forth the cause of action, and that is all that is 'required. The fact that the pleader called it a promissory note makes no difference. As it is correctly set forth, and contains an obligation to pay money, we hold that plaintiff may recover upon it according to its legal effect, no matter' what it may be called in the declaration. It is not for us to decide, whether this change in the common law rule of pleading is wise or unwise. That is *112 a question for the Legislature. It is enough for us, to reply to the objector; ita lex scripta est. This is only an objection to the form of the declaration, and “no want of form shall be cause of delay,” if the statute is substantially complied with.
Upon the other point made by the bill of exceptions, we think the Court below erred. The' obligation was in the form of a receipt. But it was .in legal effect, an obligation to pay $500 00, money loaned. It was stamped with a two-cent revenue stamp. The tax required on such an instrument is five cents on every $100 00. Section 2, Brightley’s Digest,-page 269; the Act of Congress, approved 13th July, 1866; 14 Statutes at large, page 143, is explicit, that “no deed, instrument, document, writing, or paper, required by law to be stamped, which has been signed, or issued, without being duly stamped, or with a deficient stamp; nor any copy thereof, shall be recorded, or admitted, or used as evidence, in any Court, until a legal stamp, or stamps, denoting the amount of tax, shall have been affixed thereto, as prescribed by • law.” This instrument was stamped with a deficient stamp; and the Court should have required it to be ’^stamped with a legal stamp, or stamps, denoting the amount of the tax, which the Act of Congress requires, before he permitted it to go in evidence.
Judgment reversed.